# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| South Carolina Department of Social Services, | ) ) ) | |
| | ) | Civil Action No.: 9:17-cv-01651-JMC |
| Plaintiff, | ) ) | |
| v. | ) | **ORDER** |
| | ) ) | |
| Samuel Capers, | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court for review of Magistrate Judge Shiva V. Hodges' ("Magistrate Judge") Report and Recommendation ("Report") filed on June 28, 2017 (ECF No. 8). The Report addresses Defendant Samuel Capers' ("Defendant") Complaint for Removal regarding an enforcement of child support and recommends that the court remand the action to the Hampton County Family Court. (*Id.* at 3.) For the reasons stated herein, the court **ACCEPTS** the Report and **REMANDS** the matter to the Hampton County Family Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 8.) As brief background, Defendant, proceeding *pro se*, filed his Notice of Removal on June 16, 2017, with the Hampton County Family Court. (ECF No. 1-2.) On June 21, 2017, Defendant filed his Complaint for Removal with the United States District Court for the District of South Carolina. (ECF No. 1.) Specifically, Defendant seeks to remove an enforcement action for child support from the Hampton County Family Court to federal court because the Hampton County Family Court is unable to establish personal or subject-matter jurisdiction over him. (*Id.* at 1-2.) Defendant also alleges that the Hampton County Family Court

1

is "an [a]dministrative [c]ourt operating as an [a]dministrative [a]gency[,]" which thereby provides a federal court with subject-matter jurisdiction, in the form of a federal question, pursuant to 5 U.S.C. § 702 (West 2018). (*Id.*) Lastly, Defendant submits that South Carolina's statutes, codes, and procedures do not comply with the United States Constitution. (*Id.* at 1.)

On June 28, 2017, the Magistrate Judge issued a Report. (ECF No. 8.) The Report reasons that "Defendant . . . does not identify a viable basis for jurisdiction" by a federal court. (*Id.* at 2.) Additionally, the Report finds that Defendant "offers no basis for how a family court child support action is a federal claim, and, therefore, fails to show that this case arises under federal law." (*Id.* at 3.) Moreover, the Report concluded that Defendant's jurisdictional defenses to the enforcement action are insufficient to invoke a federal court's removal jurisdiction. (*Id.*) On this basis, the Report concludes that the court should remand the matter to the Hampton County Family Court for lack of subject-matter jurisdiction. (*Id.*)

The parties were apprised of their opportunity to file objections to the Report on June 28, 2017. (*Id.* at 5.) On July 10, 2017, Defendant filed an Objection to the Report. (ECF No. 10.) Defendant reasserts that South Carolina's statutes, codes, and procedures fail to comply with the United States Constitution, the Hampton County Family Court never possessed jurisdiction, and a federal court can review this matter pursuant to 5 U.S.C. § 702.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of

those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a specific, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then *de novo* review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a

manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997).

## III. DISCUSSION

Generally, "any civil action brought in a State of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, federal district courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332(a).

"Removal jurisdiction is not a favored construction; [a federal court must] construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) (citing *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005)). "The party seeking removal bears the burden of demonstrating that removal jurisdiction proper." *Id.* at 583-84 (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In essence, in order for a federal court to invoke removal jurisdiction, "[an action] must be within the original jurisdiction of the district court, and *its jurisdiction must be ascertainable from the face of the complaint.*" *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985) (quoting *Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Ass'n, Local 159*, 714 F.2d 342, 345 (4th Cir. 1983) (emphasis added)).

Defendant's Complaint for Removal does not invoke the court's diversity jurisdiction. (ECF No. 1 at 1-3.) Therefore, the court must examine whether Defendant has sufficiently

4

implicated the court's federal question jurisdiction, which requires his action to arise under the Constitution or the laws of the United States. *See* 28 U.S.C. § 1331. First, Defendant alleges that South Carolina's statutes, codes, and procedures do not comply with the Constitution. (ECF No. 10 at 1.) However, this objection is insufficient to permit a meaningful *de novo* review, let alone utilize federal question jurisdiction, because it fails to identify a specific constitutional provision and does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Second, Defendant suggests that a federal question arises under the Administrative Procedure Act, 5 U.S.C. § 702. (*See* ECF No. 10 at 1.) This argument is without merit. Section 702 of the Administrative Procedure Act applies to "agency action." 5 U.S.C. § 702. Under the Administrative Procedure Act, an agency is defined as "each authority of the Government of the United States . . . but does not include . . . the courts of the United States . . . ." 5 U.S.C. § 701. As such, the Hampton County Family Court cannot be an agency under the Administrative Procedure Act because it is a state court in South Carolina (ECF No. 1-2 at 1) and cannot be an "authority of the Government of the United States." *Id.* Therefore, Defendant cannot present a federal question on these grounds. Lastly, Defendant, in support of removal jurisdiction, maintains that the Hampton County Family Court is in violation of Executive Order 13132. This argument is also without merit. As this court has previously explained, "Executive Order 13132 is an order to ensure that the principles of federalism established by the Framers guide *the executive departments and agencies in the formulation and implementation of policies*, and to further the policies of the Unfunded Mandates Reform Act . . . ." *Flagstar Bank, F.S.B. v. Pinnex*, No. 5:17-cv-01416-JMC, 2017 WL 4585649, at *2 (D.S.C. Oct. 13, 2017)

(citations and quotations omitted). Based upon these considerations, removal jurisdiction is improper in the instant case and Defendant has failed to carry his burden.[1]

## IV. CONCLUSION

After a thorough review of the Report (ECF No. 8) and Plaintiff's Objection (ECF No. 10), the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and **REMANDS** the matter to the Hampton County Family Court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 18, 2018
Columbia, South Carolina

---

[1] Moreover, as it relates to jurisdiction, a federal court is extremely limited in hearing matters related to child custody or child support. *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) ("We find additional support for our decision in this case in the long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters.") (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)); *Capel v. Va. Dep't of Soc. Servs. Div. of Child Support Enf't*, 640 F. App'x 257 (4th Cir. 2016) (holding that a federal district court lacked subject-matter jurisdiction to hear a civil complaint challenging the calculation of child support payments).